# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE LEE WALNER,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:16-cv-01646 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Jonnie Lee Walner initiated this action by filing a complaint on November 1, 2016, seeking judicial review of the decision to denying Social Security benefits. (Doc. 1) On December 2, 2016, the Court issued its Scheduling Order, setting forth the applicable deadlines. (Doc. 7-1) Pursuant to the Scheduling Order, the administrative record was filed on May 1, 2017. (Doc. 14)

In the Court's Scheduling Order, Plaintiff was ordered to serve "a letter brief outlining the reasons why he/she contends that a remand is warranted" within thirty days of the date of service for the administrative record. (Doc. 7-1 at 2) As set forth in the Scheduling Order, "The letter brief shall succinctly set forth the relevant issues and reasons for the remand. The letter brief itself shall NOT be filed with the court and it shall be marked 'confidential.'" (*Id.*) However, Plaintiff was directed to file "[a] separate proof of service reflecting that the letter brief was served" upon the Commissioner. (*Id.* at 2) To date, Plaintiff has not filed a proof of service, and has not requested an extension of time to serve the confidential letter brief.

1

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 14 days**, Plaintiff **SHALL** show cause why the action should not be dismissed for failure to prosecute or to follow the Court's Order or to file proof of service of the confidential letter brief.

IT IS SO ORDERED.

Dated:   **June 16, 2017**                             **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE