UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNIE LEE WALNER,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:16-cv-01646 - JLT<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN OPENING BRIEF NO LATER THAN NOVEMBER 3, 2017 |

      Johnnie Lee Walner seeks judicial review of the decision to denying an application for Social Security benefits. (Doc. 1) On December 2, 2016, the Court entered its Scheduling Order, setting forth the applicable deadlines for the action, and explaining the briefing requirements. (Doc. 7-1) Plaintiff failed to file an opening brief in compliance with the Scheduling Order. Therefore, the Court issued an order to show cause on October 4, 2017, directing Plaintiff "to show cause …why the action should not be dismissed for failure to prosecute or to follow the Court's Order or, in the alternative, to file an opening brief." (Doc. 23 at 2)

      On October 16, 2017, Plaintiff filed a timely response to the Court's order. (Doc. 24) In the response, Plaintiff asserts his belief that his "case needs further evaluation since [his] condition is not getting any better and [he is] taking new prescription medication for pain." (*Id.* at 1) In addition, Plaintiff reports that he has several upcoming appointments, and is awaiting appointments with specialists. (*Id.* at 2)

Significantly, however, this action concerns the unfavorable decision issued on February 20, 2015 by an administrative law judge. (Doc. 14-3 at 11) As Plaintiff was previously informed, the Court will evaluate the findings of that ALJ based upon the briefing of the parties. Plaintiff must file an opening brief that includes:

> (a) a plain description of appellant's alleged physical or emotional impairments, when appellant contends they became disabling, and how they disable appellant from work;
>
> (b) a summary of all relevant medical evidence including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;
>
> (c) a summary of the relevant testimony at the administrative hearing;
>
> (d) a recitation of the Commissioner's findings and conclusions relevant to appellant's claims;
>
> (e) a short, separate statement of each of appellant's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance upon an erroneous legal standard; and (f) argument separately addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.

(Doc. 7-1 at 3-4) Briefs that do not comply with these requirements will be stricken.[1] (*Id.* at 4)

Accordingly, Plaintiff is **ORDERED** to file an opening brief that complies with the briefing requirements set forth above no later than **November 3, 2017**. Upon receipt of his opening brief, the order to show cause dated October 4, 2017 (Doc. 23) will be discharged. **Plaintiff is reminded that failure to comply with the Court's order will result in the action being dismissed**.

IT IS SO ORDERED.

Dated: __October 19, 2017__   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is informed that only in specific circumstances would new evidence—such as additional findings from a doctor or changes in medication—be relevant to the findings of the ALJ. *See, e.g.*, *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012) (explaining new evidence submitted to the Appeals Council becomes part of the record, and the Court must consider both the evidence before the ALJ as well as the new evidence); *see also Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990) (evidence obtained after the ALJ's decision must relate to the condition on or before the date of the decision, or it is not material); *Gamer v. Sec'y of Health & Human Servs.*, 815 F.2d 1275, 1280 (9th Cir. 1987).

2