**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNIE LEE WALNER, | Case No.: 1:16-cv-01646 - JLT |
| Plaintiff, | ORDER DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Johnnie Lee Walner initiated this action seeking judicial review of the administrative decision denying an application for benefits under the Social Security Act. However, Plaintiff has failed to prosecute the action and failed to comply with the Court's orders to file an opening brief. Accordingly, the action is **DISMISSED** without prejudice.

**I.     Relevant Background**

Johnnie Lee Walner initiated this action by filing a complaint on November 1, 2016, seeking judicial review of the decision to denying an application for Social Security benefits. (Doc. 1) On December 2, 2016, the Court entered its Scheduling Order, setting forth the applicable deadlines for the action. (Doc. 7-1) Pursuant to the Scheduling Order, the parties exchanged confidential letter briefs, with Defendant serving the Commissioner's response on August 29, 2017. (Doc. 22)

In the Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within thirty days of the date of service of the Commissioner's

response. (See Doc. 7-1 at 2, 4, explaining the applicable briefing deadlines.) Thus, Plaintiff was to file his opening brief in this action no later than September 28, 2017. (*See id.*) However, Plaintiff failed to file an opening brief, and did not request an extension of time.

On October 4, 2017, the Court issued an order to Plaintiff to show cause why the action should not be dismissed for his failure to prosecute and failure to comply with the Court's order. (Doc. 23) In the alternative, Plaintiff was directed "to file an opening brief" within fourteen days of the date of service. (*Id.* at 2)

Plaintiff filed a timely response to the Court's order on October 16, 2017. (Doc. 24) In the response, Plaintiff asserted his belief that his "case needs further evaluation since [his] condition is not getting any better and [he is] taking new prescription medication for pain." (*Id.* at 1) In addition, Plaintiff reported that he has several upcoming appointments, and was awaiting appointments with specialists. (*Id.* at 2) However, the Court noted that Plaintiff's response addressed present events, while this action is related to "the unfavorable decision issued on February 20, 2015 by an administrative law judge on February 20, 2015." (Doc. 25 at 2) Therefore, the Court again provided Plaintiff with the standards for filing an opening brief—previously giving in its Scheduling Order—and directed Plaintiff "to file an opening brief that complies with the briefing requirements … no later than November 3, 2017." (*Id.*, emphasis omitted) The Court explained that upon the receipt of the opening brief, the order to show cause would be discharged. (*Id.*) Plaintiff was "reminded that failure to comply with the Court's order will result in the action being dismissed." (*Id.*, emphasis omitted) To date, Plaintiff has not filed an opening brief in the action.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963

F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III. Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

#### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Plaintiff's failure to comply with the Court's orders and failure to take action to prosecute in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of dismissal of the action.

#### B. Prejudice to Defendants

To determine whether Defendant has been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff

3

has not filed an opening brief in the action, despite being provided information on the pleading requirements, and has not taken further action to seek judicial review of the administrative action. Accordingly, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Here, the Court warned Plaintiff in the Scheduling Order that violations of the order "may result in sanctions pursuant to Local Rule 110." (Doc. 7-1 at 4) In the Order to Show Cause, the Court informed Plaintiff that "sanctions including dismissal of an action" could be imposed for "a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." (Doc. 23 at 2) Finally, in the Order Directing Plaintiff to File an Opening Brief, the Court advised Plaintiff "**failure to comply with the Court's order will result in the action being dismissed**." (Doc. 25 at 2) Significantly, the Court need only warn a party once that the matter could be dismissed. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the repeated warnings to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors favoring dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV. Order**

Plaintiff failed to comply with the Court's Scheduling Order requiring the filing of an opening brief (Doc. 7-1) as well as its orders dated October 4, 2017 (Doc. 23) and October 19, 2017 (Doc. 25). As a result, Plaintiff has also failed to take any action to prosecute this action.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED** without prejudice; and
2. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated: **November 7, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE